

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| SHANE D. WALIEZER, | 1:15-CV-01318-CBK |
| Plaintiff, | |
| vs. | OPINION·AND ORDER |
| PAULA GRUPE, COURT SERVICES OFFICER AT CODINGTON COUNTY; | |
| Defendant. | |

Plaintiff, an inmate at the South Dakota State Penitentiary, filed this action pursuant to 42 U.S.C. § 1983 contending that defendant violated plaintiff's Constitutional rights when defendant interviewed him without giving him Miranda warnings and disclosed plaintiff's presentence investigation report to the court prior to the plaintiff's entry of a guilty plea. Plaintiff's request to proceed *in forma pauperis* was granted and he has paid the initial filing fee.

Pursuant to 28 U.S.C. § 1915A, this Court is required to screen plaintiff's complaint to identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim, or seek monetary relief from one who is immune from such relief. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege the violation of a right secured by the Constitution or laws of the United States by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

Plaintiff has alleged that the defendant is a state court services officer who, in the course of her duties, violated his Fifth Amendment rights and Federal Rule of Criminal Procedure 32(e)(1) in conjunction with questioning the plaintiff and preparing a presentence investigation report in plaintiff's state court criminal matter. He has adequately alleged action by a state actor. Since plaintiff was in state criminal court, the Federal Rules of Criminal Procedure were inapplicable and can provide him no relief under Section 1983. Thus, any claim that the defendant disclosed the presentence investigation report prior to a guilty plea is not cognizable.

Plaintiff contends that defendant violated his Fifth Amendment Privilege to be free from self-incrimination when defendant interviewed plaintiff without giving a Miranda warning prior to his entry of a guilty plea in state court. In the context of federal habeas claims, a defendant waives constitutional infirmity by his subsequent guilty plea. Tollett v. Henderson, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607-08, 36 L.Ed. 2d 235 (1973). However, a guilty plea does not necessarily waive a § 1983 claim for a constitutional violation. Haring v. Prosise, 462 U.S. 306, 308, 319–22, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983).

The Fifth Amendment to the United States Constitution affords criminal suspects the rights to be free from compulsory self-incrimination. Criminal suspects must have knowledge of their Fifth Amendment rights "before they can either intelligently exercise or waive these important privileges." United States v. Griffin, 922 F.2d 1343, 1356 (8th Cir. 1990). The United States Supreme Court held in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), that any time a person is taken into custody for questioning they must be advised of their Fifth Amendment rights in order "to counteract the 'inherently compelling pressures' of custodial interrogation." Arizona v. Roberson, 486 U.S. 675, 681, 108 S.Ct. 2093, 2097, 100 L.Ed.2d 704 (1988).

However, "because '[t]he reading of Miranda warnings is a procedural safeguard rather than a right arising out of the fifth amendment (sic) itself . . . the remedy for a Miranda violation is the exclusion from evidence of any compelled self-incrimination.'" Hannon v. Sanner, 441 F.3d 635, 636 (8th Cir. 2006) (quoting Warren v. City of Lincoln, 864 F.2d 1436, 1442 (8th Cir.1989)). The failure to give Miranda warnings does not violate the constitution and cannot be grounds for liability under 42 U.S.C. § 1983. Chavez v. Martinez, 538 U.S. 760, 772, 123 S.Ct. 1994, 2004, 155 L.Ed.2d 984 (2003).

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), I find that plaintiff has failed to state a claim upon which relief can be granted.

Now, therefore,

IT IS ORDERED:

1. This matter is dismissed with prejudice.

2. The disposition of this matter is a first "strike" under 28 U.S.C. § 1915(g).

2

3. Pursuant to 28 U.S.C. § 1915 and <u>Henderson v. Norris</u>, 129 F.3d 481, 484 (8th Cir. 1997), plaintiff is notified that, if he decides to appeal this order of dismissal to the United States Court of Appeals for the Eighth Circuit:

    (a)     The filing of a notice of appeal from this order by plaintiff, a prisoner, makes the prisoner liable for payment of the full $455 appellate filing fees regardless of the outcome of the appeal.

    (b)     By filing a notice of appeal the prisoner consents to the deduction of the initial partial appellate filing fee and the remaining installments from the prisoner's prison account by prison officials.

    (c)     Plaintiff, a prisoner, must submit to the clerk of the district court a certified copy of the prisoner's prison account for the last six months within 30 days of filing any notice of appeal.

    (d)     Failure to file the prison account information will result in the assessment of an initial appellate partial fee of $35 or such other amount that is reasonable, based on whatever information the court has about the prisoner's finances.

DATED this *5th* day of February, 2016.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge